# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES KELLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL CASE NO. 07-887-JPG-PMF |
| ) | |
| MADISON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's Rule 37(b) motion to dismiss (Doc. No. 17). The motion is not opposed. Plaintiff's response was due on January 19, 2009.

Plaintiff is challenging the conditions of his former jail confinement. He is proceeding on a claim of deliberate indifference to serious medical needs. Written correspondence sent to plaintiff at a jail facility in Wisconsin was returned with the indication that plaintiff is no longer confined at that location and that a forwarding order had expired. Written correspondence sent to plaintiff at a correctional institution in Minnesota was returned with the indication that an inmate number is needed to identify the recipient. Recently, documents were sent to plaintiff at New Lisbon Correctional Institution, which might be plaintiff's current address.

Efforts to obtain a proper address or identifying number for plaintiff have been made. At least five items sent to plaintiff have been returned over the past three months. Due to the absence of a working address, defendant's efforts to gather discovery have failed.

Pursuant to Rule 37(b), sanctions may be imposed when a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). A review of the file reveals no order

directing plaintiff to provide or permit discovery. Accordingly, defendant's Rule 37(b) motion is premature.

Dismissal for lack of prosecution is considered *sua sponte*. All plaintiffs are under a continuing obligation to keep the Clerk and opposing counsel informed of any change in location. "This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs." SDIL-LR 3.1. Failure to do so supports dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Because dismissal is an extraordinary sanction, it is generally reserved for situations where there is a clear record of delay or contumacious conduct. *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008).

Dismissal is warranted here because plaintiff neglected his obligation to update his mailing address for an extended period of time. The most recent order (Doc. No. 18) may have reached plaintiff. The order was not returned, yet a response was not filed. These are clear indications that plaintiff has lost interest in prosecuting his claim.

IT IS RECOMMENDED that defendant's Rule 37(b) motion (Doc. No. 17) be DENIED.

IT IS FURTHER RECOMMENDED that this action be DISMISSED *sua sponte* for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    **SUBMITTED:  January 30, 2009  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**